**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

ANTHONY MAURICE KINCH,

    Plaintiff,

v.

REGINA CAULFIELD, *et al.*,

    Defendants.

Case No. 2:23-cv-02076-BRM-JSA

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

    Before the Court is Defendants Joanna Rajoppi ("Rajoppi") and Peter Corvelli's ("Corvelli") (collectively, the "Union County Defendants")[1] Motion to Dismiss (ECF No. 23) Plaintiff Anthony Maurice Kinch's ("Plaintiff") Amended Complaint ("Complaint") (ECF No. 3) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition on November 27, 2023. (ECF No. 36.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, the Union County Defendants' Motion to Dismiss (ECF No. 23) is **GRANTED** and Plaintiff's Amended Complaint (ECF No. 3) is **DISMISSED WITHOUT PREJUDICE** against the Union County Defendants.

---

[1] The other defendants named in the Amended Complaint (ECF No. 3)—Juan Smith, Antonio Lacosta, Jonathan Berrios, Matthew Wisnowski, Jimmy Solana, Gabriell Mesaros, John Basich, Slawomir Polchlopek, James Brady, Daniel Turon, Lindsey Parker, Dylan Cosgrove, Dawn Forstenhausler, and Linda Wasyluk—have not yet appeared in this case and did not participate in this motion. (*See* ECF Nos. 3, 23.) Accordingly, the Court addresses allegations from Plaintiff's Amended Complaint only to the extent they are relevant to the moving Union County Defendants.

**I.     BACKGROUND**

**A.     Factual Background**

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

Plaintiff alleges[2] deprivation of various constitutional rights, conspiracy to deprive him of constitutional rights, failure to protect him from said conspiracy, and false imprisonment without due process. (ECF No. 3 ¶¶ 2, 11.) On July 7, 2021, while driving on a New Jersey street, Plaintiff was followed home by Jonathan Berrios, Matthew Wisnowski, Jimmy Solana, Slawomir Polchlopek, James Brady, Daniel Turon, Lindsey Parker, and Dylan Cosgrove after being told to go home by officer Juan Smith. (*Id.* ¶ 11.) Plaintiff's vehicle was also towed. (*Id.*) On July 8, 2021, Plaintiff was arrested when attempting to leave a City of Linden Police Department building due to an outstanding warrant. (*Id.*) Plaintiff's motion to choose his own counsel, filed before an

---

[2] The factual pleading in Plaintiff's Complaint is generally unclear. Nonetheless, the Court will not rewrite Plaintiff's Complaint to craft a clearer or more logical factual narrative than the one Plaintiff presented. *See Shah v. Blue Cross Blue Shield of Tex.*, Civ. A. No. 16-8803, 2018 WL 1293164, at *6 (D.N.J. Mar. 13, 2018) (noting that a court will not rewrite a plaintiff's complaint to allow it to state a claim); *Miyayama v. Burke*, Civ. A. No. 20-01683, 2021 WL 6134361, at *3 (D. Nev. Dec. 29, 2021) ("While Plaintiff urges the Court to overlook [a] mistake and find the factual allegations sufficient to withstand a motion to dismiss, the Court has neither the time nor duty to rewrite Plaintiff's complaint."); *Teetz v. Bd. of Cnty. Comm'rs of Sedgwick Cnty. Kan.*, Civ. A. No. 22-1134, 2023 WL 7698030, at *5 (D. Kan. Nov. 15, 2023) ("The Court cannot consider new allegations made outside the Complaint. And the Court cannot rewrite Plaintiff's Complaint for him.").

unspecified tribunal, was subsequently denied as a result of Rajoppi's unspecified action in concert with the New Jersey State Legislature. (*Id.* ¶¶ 20–21.)

### B.   Procedural History

Plaintiff filed his initial complaint on April 12, 2023. (ECF No. 1.) Plaintiff filed an amended complaint on May 18, 2023. (ECF No. 3.) Plaintiff filed a motion for entry of default on July 20, 2023 (ECF No. 10), and the Clerk's Office entered default against all defendants on July 24, 2023. The Union County Defendants filed a motion to vacate default on August 10, 2023 (ECF No. 12), which was granted on August 30, 2023 (ECF No. 17). The Union County Defendants filed a motion to dismiss Plaintiff's Complaint on September 21, 2023. (ECF No. 23.) Plaintiff filed an opposition on November 27, 2023. (ECF No. 36.) As of the date of this Opinion, the Union County Defendants have not filed a reply.

## II.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* (alterations in original). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the Court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. *Id*. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, as a general rule, the Court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

### III. DECISION

#### A. Documents and Facts Not Included in Complaint

The Court notes that pages 3–65 of Plaintiff's opposition to the Union County Defendants' Motion to Dismiss consists of documents which were not included in the Complaint, including warrants, police incident reports, and Linden City Municipal Court forms. (ECF Nos. 3, 36.) Page 2 of Plaintiff's opposition also contains new facts not alleged in the Complaint. (*Id.*) The Court will not consider the additional documents in the opposition for the purpose of this motion to dismiss, as they were not included in the Complaint. *See Adami v. Cardo Windows*, *Inc.*, Civ. A. No. 12-2804, 2013 WL 3821466, at *3 (D.N.J. July 23, 2013) (refusing to consider documents first attached to Plaintiff's answer to motion to dismiss, as such documents "were not integral or explicitly relied upon in the Amended Complaint"); *Potter v. Newkirk*, Civ. A. No. 17-08478, 2020 WL 6144756, at *3 (D.N.J. Oct. 20, 2020) (quoting *In re Burlington Coat Factory*, 114 F.3d at

1426) (noting that "a court generally may not 'consider matters extraneous to the pleadings'"); *Nesgoda v. Lewistown Valley Enters.*, Civ. A. No. 18-00158, 2018 WL 6313617, at *1 n.2 (M.D. Pa. Nov. 7, 2018) ("[Plaintiff] raises additional facts in his briefs in opposition to the motions to dismiss and in additional documents filed with the Court, but the Court will limit its analysis of the motion to dismiss to the allegations set forth in the complaint." (internal citations omitted)). Further, the Court will also not consider any of Plaintiff's new facts raised in the opposition. *See Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007) (noting that courts "do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6)"); *Marino v. Westfield Bd. of Educ.*, Civ. A. No. 16-00361, 2017 WL 216691, at *7 (D.N.J. Jan. 18, 2017) ("Plaintiff raises several new facts in its brief that purport to establish actual malice, but these new facts can have no place in the Court's 12(b)(6) analysis."); *Pue v. N.J. Dep't of Labor*, Civ. A. No. 23-855, 2023 WL 5671561, at *4 n.8 (D.N.J. Sept. 1, 2023) ("While the Court construes Plaintiff's Amended Complaint liberally, the Court cannot consider new facts presented for the first time in opposition."); *Knopick v. UBS Fin. Servs., Inc.*, 121 F.Supp.3d 444, 461 (E.D. Pa. 2015) (noting that "it is improper to use an opposition to a motion to dismiss to amend a complaint").

### B.     Sufficiency of Pleading on All Counts

The Union County Defendants argue Plaintiff's Complaint is grossly deficient in its allegations against them, as it does not contain any facts on how Rajoppi "1) deprived Plaintiff of due process to liberty or property; 2) denied [Plaintiff's] 5th, 6th, 8th, and 14th Amendment rights; 3) violated the Sherman Antitrust Act; and/or 4) conspired with other named Defendants to deprive [Plaintiff of his] rights." (ECF No. 23-1 at 4.) The Union County Defendants contend Plaintiff

alleges "unsupported conclusions" against Rajoppi and fails to assert any causes of action at all against Corvelli. (*Id.* at 4–5.)

In opposition, Plaintiff argues Rajoppi denied his constitutional rights by not allowing him to file papers of nationality despite having received the paperwork. (ECF No. 36 at 2.) He also argues she failed to respond to his mail and denied him counsel. (*Id.*) As to Corvelli, Plaintiff claims he failed to answer injunctions sent to other sheriffs and denied Plaintiff's constitutional rights by allowing Plaintiff's case to proceed from a traffic violation to a felony. (*Id.*) Plaintiff asserts Corvelli is responsible for his deputy's service of an indictment at Plaintiff's home address. (*Id.*) Because Plaintiff raises these facts for the first time in his opposition to the Motion, the Court will not consider the new allegations for the purpose of this Motion to Dismiss. *See Frederico*, 507 F.3d at 201–02 (noting that courts "do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6)"); *Marino*, 2017 WL 216691, at *7 ("Plaintiff raises several new facts in its brief that purport to establish actual malice, but these new facts can have no place in the Court's 12(b)(6) analysis."); *Pue*, 2023 WL 5671561, at *4 n.8 ("While the Court construes Plaintiff's Amended Complaint liberally, the Court cannot consider new facts presented for the first time in opposition.").

Here, Plaintiff's Complaint is grossly deficient as to Rajoppi, as he fails to detail enough substantive facts to plausibly allege his claims against Rajoppi. In his Amended Complaint, Plaintiff asserts Rajoppi violated, and conspired to violate with other defendants and unknown parties, his 1st, 5th, 6th, 9th, 10th, 13th, and 14th Amendment rights under the United States Constitution (ECF No. 3 ¶¶ 22–32, 37–42.) Plaintiff also accuses Rajoppi of participating in the New Jersey bar contrary to the Sherman Antitrust Act. (*Id.* ¶¶ 33–36.) The only allegations Plaintiff makes regarding Rajoppi's conduct in the Amended Complaint are that "Defendant Joanna

7

Rajoppi in concert with the New Jersey State Legislature, has denied Plaintiff's motion for counsel of his own choice" (*id.* ¶ 21) and that Rajoppi "conspired in concert with other Defendants, Defendants [sic], acting outside their [l]awful [d]uties, [t]o bring to bear upon Plaintiff unconstitutional acts under [c]olor, custom, and [u]sage of [s]tate laws" (*id.* ¶ 34). Plaintiff does not specify what actions Rajoppi took to act in concert with anyone else, or how Rajoppi's actions resulted in the denial of Plaintiff's motion for counsel of his own choice. Such general allegations fall well short of the specificity needed to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678 (noting that, to prevent dismissal, civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible); *Aragon v. Twp. of Woodbridge*, Civ. A. No. 21-18304, 2023 WL 2570146, at *3 (D.N.J. Mar. 20, 2023) (dismissing complaint in part because "the Court is unable to discern what took place; [Plaintiff] fails to allege what series of events lead to his automobile being impounded, what events transpired afterward, or what actions were taken by Defendants to cause an alleged violation of [Plaintiff's] rights"); *Katz v. Ambit Ne., LLC*, Civ. A. No. 20-1289, 2020 WL 5542780, at *4 (D.N.J. Sept. 16, 2020) ("It is not sufficient to make conclusory or broad-brush allegations regarding defendant's conduct; plaintiff must specifically plead those facts.").

Plaintiff's Amended Complaint will also be dismissed against Corvelli as he fails to plead any causes of action or conduct against him in the Complaint. *See Edwards v. Off. of Essex Cnty. Prosecutor*, Civ. A. No. 13-3710, 2014 WL 546334, at *2 (D.N.J. Feb. 7, 2014) (dismissing complaint against defendant due to "no factual allegations which might support any claims against it"); *Guzman v. Davis*, Civ. A. No. 10-2101, 2010 WL 5146762, at *3 (D.N.J. Dec. 13, 2020) (dismissing complaint against defendant as "[plaintiff's] complaint contains absolutely no allegations that tie [defendant] to the claim of violation of doctor patient confidentiality"); *Mallory*

*v. Verizon*, Civ. A. No. 12-02366, 2015 WL 404369, at *4 (D.N.J. Jan. 29, 2015) (dismissing complaint as it made "virtually no factual allegations at all" against the defendants).

Accordingly, Plaintiff's bare-bones allegations as to Rajoppi and lack of any allegations at all regarding Corvelli are insufficient to survive a motion to dismiss. The Court will therefore dismiss his claims against the Union County Defendants.

### C.    Leave to Amend

The Union County Defendants request Plaintiff's Amended Complaint be dismissed with prejudice against them. (ECF No. 23-1 at 4–5.) Nonetheless, the Court will grant Plaintiff leave to amend his Complaint based on his *pro se* status and the absence of any equitable reason to deny such leave. The Federal Rules of Civil Procedure generally require the Court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15. Courts also generally grant *pro se* plaintiffs, like Plaintiff here, leave to amend where possible. *See Gambrell v. Arias*, Civ. A. No. 14-6758, 2015 WL 13647384, at *1 (D.N.J. May 5, 2015) (stating that "[b]ased on Plaintiffs' *pro se* status, I will give them leave to amend their complaint"); *Pydeski v. Aetna Ins. Co. Disability Servs.*, Civ. A. No. 18-15305, 2019 WL 13396864, at *2 (D.N.J. Sept. 4, 2019) (noting that "courts in this Circuit are required to grant a *pro se* Plaintiff leave to amend a deficient Complaint unless amendment would be inequitable or futile"); *Johnson v. Performance Food Grp.*, Civ. A. No. 10-3742, 2010 WL 4668346, at *3 (D.N.J. Nov. 5, 2010) ("In light of Plaintiff's *pro se* status, Plaintiff is hereby granted leave to amend his complaint to cure the pleading deficiencies."). The Court will therefore allow Plaintiff to amend the Complaint to ensure Plaintiff has a fair opportunity to state his claims in this matter.

### IV.    CONCLUSION

For the reasons set forth above, the Union County Defendants' Motion to Dismiss (ECF

No. 23) is **GRANTED**, and Plaintiff's Amended Complaint (ECF No. 3) is **DISMISSED WITHOUT PREJUDICE** against the Union County Defendants. An appropriate Order follows.

Date: April 17, 2024	*/s/ Brian R. Martinotti*
	**HON. BRIAN R. MARTINOTTI**
	**UNITED STATES DISTRICT JUDGE**