<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ANTHONY MAURICE KINCH<br><br>Plaintiff,<br><br>v.<br><br>REGINA CAULFIELD, *et al.*,<br><br>Defendants. | Case No. 2:23-cv-02076 (BRM) (SDA)<br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are several motions:[1] (1) *pro se* Plaintiff Anthony Maurice Kinch's ("Plaintiff") Motions for Default Judgment (ECF Nos. 54, 80)[2] seeking default judgment against Defendants Juan Smith, Antonio Lacosta, Jonathan Berrios, Matthew Wisnowski, Jimmy Solana, Gabriel Mesaros, John Basich, Slawomir Polchlopek, Daniel Turon, Lindsey Parker (the "Linden Defendants"), James Brady, Dylan Cosgrove (the "UCPO Defendants"), Dawn Forstenhausler ("Forstenhausler"), and Lynda Wasyluk ("Wasyluk") (collectively, "Defendants"); (2) the Linden Defendants' cross-motion to set aside default (ECF No. 67); (3) Wasyluk's cross-motion to vacate default (ECF No. 71); and (4) the UCPO Defendants' cross-motion to set aside default (ECF No. 91). Forstenhausler did not respond, oppose, or otherwise appear. All other motions are opposed.

---

[1] Some motions include motions to dismiss. In light of the voluminous web of filings in this case, the Court limits this opinion to adjudication of the motions for default judgment and motions to set aside default. Defendants are granted leave to file renewed motions to dismiss as appropriate. Likewise, Plaintiff's arguments regarding the merits of his case (*see e.g.*, ECF Nos. 73, 75) will not be addressed in this opinion.

[2] Plaintiff filed multiple motions and letters requesting default judgment. (*See, e.g.*, ECF Nos. 78, 79.) Only ECF Nos. 54 and 80 were properly filed as motions.

Having reviewed and considered the submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Plaintiff's Motions for Default Judgment (ECF No. 54, 80) are **DENIED**, and the cross-motions to set aside default filed by the Linden Defendants, the UCPO Defendants, and Wasyluk (ECF Nos. 67, 71, 91) are **GRANTED**.

## I.    BACKGROUND

This case presents a tortured procedural history, riddled with repeated service issues, procedural delays, and multiple attempts by Plaintiff to obtain default judgments against various defendants. Plaintiff alleges constitutional deprivations, conspiracy, failure to protect, and false imprisonment without due process. (ECF No. 3 ¶¶ 2, 11.) This Opinion primarily addresses procedural facts relevant to the pending motions.[3]

Plaintiff initiated this action on April 12, 2023 (ECF No. 1) and filed the operative amended complaint on May 4, 2023 (ECF No. 3).[4] On July 7, 2023, summonses were returned executed against all Defendants, indicating that they were served between June 22, 2023, and June 24, 2023. (ECF No. 8.) On July 24, 2023, default was entered against Defendants. (Clerk's Entry of Default, dated July 24, 2023; *see also* Clerk's Entry of Default, dated March 13, 2025.)[5]

---

[3] The Court provided a more comprehensive overview of the Amended Complaint (ECF No. 3) in the opinion and order dismissing defendants Joanna Rajoppi and Peter Covelli. (ECF Nos. 40–41.)

[4] Plaintiff requested and was given multiple opportunities to file a second amended complaint but never did. (*See, e.g.*, ECF Nos. 7, 17, 41.)

[5] The Court granted Defendants Rajoppi and Covelli's motion to vacate the defaults against them (ECF No. 17), and the Clerk's Office marked the July 24, 2023 default as vacated. Presumably, because the docket makes it seem like the entire entry is vacated, default was again entered against Defendants on March 13, 2025. (Clerk's Entry of Default, dated March 13, 2025.)

On May 13, 2025, Plaintiff moved for default judgment against Defendants. (ECF Nos. 54, 80.) All Defendants, except Forstenhausler, opposed the motion in some way (ECF Nos. 64, 66, 67, 71, 81, 82, 91). Plaintiff filed a reply. (ECF No. 83.)

The Linden Defendants filed a cross-motion to set aside default. (ECF No. 67.) Plaintiff filed oppositions. (ECF Nos. 65, 73.)

Wasyluk filed a cross-motion to vacate default. (ECF No. 71.) Plaintiff filed an opposition (ECF No. 75) and Wasyluk filed a reply (ECF No. 77).

The UCPO Defendants filed a cross-motion to set aside default. (ECF No. 91.) Plaintiff filed an opposition on March 23, 2026. (ECF No. 92.)[6]

## II.    LEGAL STANDARD

### A.  Default and Vacating Default

Federal Rule of Civil Procedure 55(a) requires the Clerk's Office to enter default against a party whom a judgment for affirmative relief is sought when the party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Wahab v. New Jersey Dep't of Env't Prot.*, Civ. A. No. 12-6613, 2017 WL 4790387, at *2 (D.N.J. Oct. 24, 2017). However, Federal Rule of Civil Procedure 55(c) permits the Court to "set aside an entry of default for good cause" at its discretion. Fed. R. Civ. P. 55(c); *see Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002).

Entries of default are not favored, and "doubtful cases are to be resolved in favor of the party moving to set aside the default 'so that cases may be decided on the merits.'" *United States*

---

[6] This motion was recently filed on March 5, 2026. The UCPO's reply was due March 30, 2026. Accordingly, this motion is ripe for adjudication.

*v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 245 (3d Cir. 1951)). Moreover, the grounds for setting aside a default are "less substantial" than would be required for vacating a default judgment. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) ("[A]ny of the reasons sufficient to justify the vacation of a default judgment under Rule 60(b) normally will justify relief from a default entry and in various situations a default entry may be set aside for reasons that would not be enough to open a default judgment." (quoting 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2696, 334 (1973))).

To determine whether good cause exists to vacate the entry of default, the Court looks at the following four *Poulis* factors: (1) prejudice to the plaintiff; (2) whether the default was entered due to the culpable conduct of the defaulting party; (3) availability of a meritorious defense; and (4) the effectiveness of alternative sanctions.[7] *Emcasco Ins. Co*, 834 F.2d 71 at 73 (citing *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

## B. Default Judgment

Once the Clerk makes an entry of default, "Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). In a matter where the amount sought is not a sum certain or

---

[7] This last factor is not always considered. *See, e.g., Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008); *Feliciano*, 691 F.2d at 656.

4

cannot be made certain by computations, the court, rather than the clerk, is required to enter the judgment. Fed. R. Civ. P. 55(b).

Like entries of default, the Third Circuit generally disfavors default judgments. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008) (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 194–95). While an entry of a default judgment is within the district court's discretion, cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citation omitted).

Prior to entering a default judgment, the Court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, Civ. A. No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). In addition, the Court must make explicit factual findings as to: (a) "whether the party subject to default has a meritorious defense," (b) "the prejudice suffered by the party seeking default," and (c) "the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co.*, 834 F.2d at 74); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (holding these "[t]hree factors control whether a default judgment should be granted." (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 195)).

Generally, the Court is required to treat all pleadings and allegations of a plaintiff as true on a motion for default judgment. *See Comdyne I*, 908 F.2d at 1149. However, the Court is not required to accept a plaintiff's conclusions of law and, therefore, "it remains for the [C]ourt to consider whether the unchallenged facts constitute a legitimate cause of action" against

5

defendants. *Directv, Inc. v. Asher*, Civ. A. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688, 58–59 (3d ed. 1998)).

III.   **DECISION**

"When parties file competing motions for default judgment and to vacate the entry of default, courts routinely consider the motion to vacate the entry of default first." *Mawalla v. Lakewood Bd. of Educ.*, Civ. A. No. 23-02734, 2025 WL 1260900, at *2 (D.N.J. Apr. 30, 2025) (citing *Gentile Concrete, Inc. v. L&L Redi-Mix, Inc.*, Civ. No. 21-20515, 2022 WL 2753460, at *2–5 (considering motion to vacate entry of default before competing motion for default judgment); *Doe v. City of Jersey City Bd. of Ed.*, Civ. No. 21-20223, 2022 WL 1137301, at *2 (D.N.J. Apr. 18, 2022) (granting motion to vacate entry of default and, as such, denying motion to enter default judgment as moot)). Therefore, the Court will address the motions to vacate or set aside default before addressing Plaintiff's motion for default judgment.

### A.  The Linden Defendants' Motion to Vacate Default (ECF No. 67)

The Linden Defendants argue default should be set aside because the individually-named Linden Defendants were not served pursuant to Federal Rule of Civil Procedure 4(e). (ECF No. 67-4 at 6–8.) Specifically, they contend the affidavit of service indicates the Summons and Amended Complaint were left with "Police Office Ralph Heston, Badge #59," purportedly a person authorized to accept service, at "301 S Wood Ave, Linden, NJ 07036-3228," a residential address.[8]  Additionally, the Linden Defendants argue good cause exists under by Federal Rule of Civil Procedure 55(c) to vacate default because the City of Linden had no knowledge of this matter until May 2025, upon which they promptly appeared on June 11, 2025. (*Id.* at 7, 11–12.)

---

[8] The City of Linden City Hall is located at 301 **N.** Wood Avenue, 0.5 miles away.

Plaintiff opposes the motion, citing, *inter alia*, a sworn declaration from the service agency that "S. Wood" instead of "N. Wood" was a typographical error in the affidavit of service and that the Linden Defendants were, in fact, properly served. (ECF Nos. 73,[9] 74.) Plaintiff further argues the Linden Defendants' inaction or delayed appearance "appears to be intentional rather than an excusable oversight" and that adjournment of their time to answer "would further prejudice [his] position and undermine the fairness, efficiency, and integrity of the judicial process." (ECF No. 65 at 3.)

For purposes of this motion, the Court presumes without deciding that the Linden Defendants were properly served. (*See* ECF Nos. 73, 74.) Therefore, the Court decides this motion based on Rule 55(c), which permits the Court to "set aside an entry of default for good cause" at its discretion, *see Bailey*, 279 F.3d at 204, and the *Poulis* factors, *see Emcasco Ins. Co*, 834 F.2d 71 at 73. For good cause appearing, the Linden Defendants' motion is granted.

While the Court is sympathetic to Plaintiffs' argument that he is being prejudiced by the delay, the litigation is, despite its age, in the early stages. Indeed, denying the motion and allowing the default to stand "would produce an unfair result" and would go against the Third Circuit's preference that matters be adjudicated on the merits. *Malik v. Hannah*, Civ. A. No. 05-3901, 2007 WL 2892648, at *2 (D.N.J. Sept. 27, 2007); *In re $55,518.05 in U.S. Currency*, 728 F.2d at 195. As "there is no indication that Plaintiff will be less able to litigate his claims against [the Linden Defendants] than when the litigation commenced against him," *Malik*, Civ. A. No. 05-3901, 2007 WL 2892648, at *2, Plaintiff will not be prejudiced by vacating the default and will be able to pursue his claims.

---

[9] Plaintiff's opposition includes a copy of a "Notice to Amend or Correct the Record" labelled Document 71. (ECF No. 73 at 15–16.) However, this does not match the document on the docket sheet at ECF No. 71.

Additionally, the Linden Defendants set forth with specificity the grounds for their defenses; namely, that "the Amended Complaint fails to articulate the personal involvement of the Linden Defendants and instead relies on group pleading," and "there was probable cause for Plaintiff's arrest as Plaintiff admits in the Amended Complaint there was an outstanding warrant for his arrest," entitling them to qualified immunity. (ECF No. 67-4 at 9–10.)

Finally, the Court does not find the Linden Defendants acted willfully or in bad faith. Plaintiff contends, and provides support, that the summons and complaint were served on an officer at City Hall, whereas the City Clerk certifies it did not have record of the lawsuit until May 2025. Assuming, again, that service was proper,[10] the Court find the Linden Defendants did not act in bad faith.

Accordingly, the Court finds good cause to vacate the default against the Linden Defendants, and the motion is **GRANTED**.

### B. Wasyluk's Motion to Vacate Default (ECF No. 71)

Wasyluk argues default should be vacated because service was defective. (ECF No. 71-5.) She contends the documents that were served on her former place of business did not indicate there were claims against her and, even so, she could not answer because the summons did not indicate to whom she should respond. (ECF Nos. 71 at 4, 71-4 at 1. *See also* ECF No. 64 (initially appearing *pro se*, opposing the motion for default judgment, and expressing confusion).) She did not realize she was being sued until she received notice of Plaintiff's motion for default judgment, at which time she hired counsel who appeared on her behalf. (*Id.*, ECF No. 69.) Finally, she argues that even if the default was properly entered, good cause exists to vacate it. (ECF No. 71-5 at 5.)

---

[10] The Court acknowledges Linden's policy that "all lawsuits served on the City or its employees are to be sent to the City Clerk's office," (ECF No. 67-4 at 11), which it may not have been.

Plaintiff contends Wasyluk was properly served at her place of business and that entry of default was proper. (ECF No. 75 at 11–12.) He further alleges he will be prejudiced by further delay and that Wasyluk's conduct was "willful and culpable." (*Id.* at 14–15.)

As with the Linden Defendants' motion, and again assuming service was proper,[11] the Court finds good cause to vacate the default. Plaintiff will not be prejudiced and will be able to pursue his claims. *See supra*, at 7. Wasyluk asserts a meritorious defense, namely that Plaintiff makes no allegations against Wasyluk in the amended complaint. Indeed, she is only mentioned in the caption. (*See* ECF No. 3.) In light of Wasyluk's attempt to contact the Court before she hired an attorney and her concession that she received the summons but could not respond because it lacked the appropriate information (ECF No. 64, 69), the Court does not find she acted in bad faith.

Accordingly, good cause exists to vacate the default against Wasyluk, and the motion is **GRANTED.**

### C.  The UCPO Defendants' Motion to Vacate Default (ECF No. 91)

The UCPO Defendants argue they were not served until June 2025. (ECF No. 66.) Even so, they contend good cause exists to vacate the default because it is early in the proceedings and they have meritorious defenses and a good faith basis to defend this case. (ECF No. 91 at 10–11.) Plaintiff opposes the motion and requests portions of their brief be stricken pursuant to Rule 12(f) because they are prejudicial, constitute insufficient defenses, and are redundant. (ECF No. 92.)[12]

---

[11] The Court acknowledges Wasyluk's argument that the summons was incomplete and insufficient to effectuate service.

[12] Because Plaintiff's request to strike relates to the merits of his claims and the UCPO's defenses, the Court will not address it in this opinion. The parties may proceed with motion practice and address these issues on a Rule 12 motion.

The Court finds good cause to vacate the default. As with the Linden Defendants and Wasyluk, Plaintiff will not be prejudiced and will be able to pursue his claims. *See supra*, at 7. The UCPO Defendants assert meritorious defenses under the *Heck* bar, the *Younger* abstention doctrine, and the fugitive disentitlement doctrine. (ECF No. 91-1 at 10–11.) Finally, it appears the summons and complaint were initially served at the Linden Police Department rather than the Union County Prosecutor's Office. (*See* ECF No. 8 at 21–25, ECF No. 57 (acknowledging service in June 2025); *see also* ECF Nos. 66 and 91-1 at 10.) Therefore, the Court finds the UCPO Defendants did not act willfully or in bad faith.

Accordingly, good cause exists to vacate the default against the UCPO Defendants, and the motion is **GRANTED.**

### D.  Plaintiff's Motion for Default Judgment

In light of the Court granting the motions to vacate default, the motions for default judgment against the Linden Defendants, UCPO Defendants, and Wasyluk are **DENIED**. The Court turns to the motion for default judgment against Forstenhausler, who has not appeared or opposed the motion.

Among the other factors used to decide if default judgment is proper, *see supra* at 5, the Court must "analyze the Complaint to determine whether it sufficiently pleads a cause of action," *Moroccanoil, Inc.*, Civ. A. No. 14-5608, 2015 WL 6673839, at *1, and make findings as to "whether the party subject to default has a meritorious defense," *Doug Brady, Inc.*, 250 F.R.D. at 177. Here, Plaintiff fails to state a claim against Forstenhausler. Like Wasyluk, Forstenhausler is only mentioned in the caption of the amended complaint. (*See* ECF No. 3.) Even if Forstenhausler

were to appear, she has a meritorious defense, because Plaintiff would not be able to overcome a Rule 12(b)(6) motion.[13]

Accordingly, Plaintiff's motion for default judgment against Forstenhausler is **DENIED.**

### IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motions for Default Judgment (ECF No. 54, 80) are **DENIED**, and the cross-motions to set aside default filed by the Linden Defendants, the UCPO Defendants, and Wasyluk (ECF Nos. 67, 71, 91) are **GRANTED.** An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  March 31, 2026

---

[13] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Plaintiff's amended complaint does not meet this burden.