**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

**ANTHONY MAURICE KINCH,**

Plaintiff,

v.

**JUAN SMITH, *et al.*,**

Defendants.

Case No. 2:23-cv-2076 (BRM) (SDA)

Hon. Stacey D. Adams

**OPINION AND ORDER**

April 8, 2026

---

**THIS MATTER** comes before the Court by Motion filed by *pro se* Plaintiff Anthony Maurice Kinch ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1) (the "Motion"). (ECF No. 89). The motion is unopposed. The Court decides this motion without oral argument pursuant to Fed. R. Civ. P. 78. Having considered Plaintiff's written submissions and arguments, and for the reasons set forth below, Plaintiff's Motion is **DENIED**.

**RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, proceeding *pro se*, brings this action against Defendants Juan Smith, Antonio Lacosta, Jonathan Berrios, Matthew Wisnowski, Jimmy Solana, Gabriell Mesaros, John Basich, Slawomir Polchlopek, Daniel Turon, Lindsey Parker (collectively, the "Linden Defendants"), James Brady, Dylan Cosgrove (together, the "UCPO Defendants"), Joanna Rajoppi, Peter Corvelli (together, the "Union County Defendants"), Dawn Forstenhausler, and Lynda Wasyluk (all referred to collectively as the "Defendants") alleging various constitutional violations that stem from a traffic stop on July 7, 2021 and his subsequent arrest by the Linden Police Department on July 8, 2021. (ECF No. 3).

The following facts are derived from Plaintiff's Amended Complaint. (ECF No. 3). On July 7, 2021, while driving on a New Jersey street, Plaintiff was followed home by the Linden

Defendants and UCPO Defendants after being told to go home by Officer Juan Smith. (*Id.* at ECF-designated p. 4). Plaintiff's vehicle was also towed. (*Id.*). On July 8, 2021, Plaintiff was arrested when attempting to leave a City of Linden Police Department building due to an outstanding warrant. (*Id.*). Although difficult to discern, Plaintiff alleges deprivation of various constitutional rights, conspiracy to deprive him of constitutional rights, failure to protect him from said conspiracy, and false imprisonment without due process. (*Id.* at ECF-designated pp. 2, 4). Plaintiff challenges the legality of the stop, search, and subsequent arrest, and seeks damages flowing from those events. (*Id.*).

Plaintiff filed his initial complaint on April 12, 2023 and his amended complaint on May 4, 2023. (ECF Nos. 1, 3). Throughout this litigation, Plaintiff has filed various motions, letters, and requests for entry of default. Plaintiff filed a motion for entry of default on July 20, 2023 (ECF No. 10), and the Clerk's Office entered default against Defendants on July 24, 2023. The Union County Defendants then filed a motion to vacate default on August 10, 2023 (ECF No. 12), which was granted on August 30, 2023 (ECF No. 17). The Court then granted the Union County Defendants' Motion to Dismiss on April 17, 2024. (ECF Nos. 40, 41).

Presumably, because the docket makes it seem like the entire entry is vacated, on March 24, 2023, default was again entered against the remaining Defendants: the Linden Defendants, the UCPO Defendants, Forstenhausler, and Wasyluk. (ECF Entry following ECF No. 46). On May 13, 2025 and December 12, 2025, Plaintiff moved for default judgment against the remaining Defendants. (ECF Nos. 54, 80). All Defendants, except Defendant Forstenhausler, opposed the motions for default judgment. (ECF Nos. 64, 66, 67, 71, 81, 82, 91). On March 31, 2026, the Court denied Plaintiff's motion for default judgment and granted Defendants' various requests to vacate default, except for Forstenhausler who did not respond. (ECF Nos. 93, 94).

2

Despite the activity in this case over the past three years, and Plaintiff's seeming ability to effectively navigate this litigation to date, he now files the instant motion asking the Court to appoint him *pro bono* counsel. (ECF No. 89).

## LEGAL STANDARD

Generally, there is no right to counsel in a civil case. *See Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997) ("The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants."); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, "[w]here an unrepresented Plaintiff in a civil suit is indigent, and where good cause exists for the appointment of *pro bono* counsel under 28 U.S.C. 1915(e)(1), the District Court has discretion and authority to appoint *pro bono* counsel…." *Brandt v. Ganey*, No. 06-cv-5639 (FLW), 2008 WL 5416393, at *11 (D.N.J. Dec. 22, 2008) (citing *Williams v. Hayman*, 488 F. Supp. 2d 446, 447 (D.N.J. 2007)). "The Court has broad discretion to determine on a case-by-case basis whether to appoint counsel to a *pro se* plaintiff." *Role v. Local 3 P.M. & S.E. Union*, No. 08-cv-6011, 2011 WL 52524, at *1 (D.N.J. Jan. 6, 2011) (citing *Tabron*, 6 F.3d at 157). As a threshold matter, in determining whether to appoint counsel, the Court must first analyze the substance of the underlying claims. *See Tabron*, 6 F.3d at 155. Only after determining that a plaintiff's claim has merit in fact and law should the Court proceed to consider and evaluate the factors outlined in *Tabron*. *See id.* at 156. These factors include whether:

> (1) the *pro se* party lacks the ability to present an effective case without an attorney; (2) the legal issues are complex or, the ultimate legal issues are not complex, but the *pro se* party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs; (3) factual investigation will be necessary and the party is not adequately able to pursue said investigation; (4) the case is likely to turn on credibility determinations; (5) the case will require expert testimony; and (6) the party is unable to attain and afford counsel on his/her own behalf.

*Pinto v. Gavilanez*, No. 16-cv-5201, 2017 WL 1051187, at *1-2 (D.N.J. Mar. 20, 2017) (citing *Parham*, 126 F.3d at 457; *Tabron*, 6 F.3d at 155-56). Although these factors are meant to guide the Court in making its determination, they are not exhaustive, and the Court may consider any other factor it deems relevant. *Tabron*, 6 F.3d at 157. Furthermore, the Court need not find that each of the *Tabron* factors is met to appoint *pro bono* counsel. *Brandt*, 2008 WL 5416393, at *11.

## ANALYSIS

With these principles in mind, the Court first considers as a threshold matter whether Plaintiff's claims have "some arguable merit in fact and law." *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002) (citing *Tabron*, 6 F.3d at 155). Plaintiff's Amended Complaint alleges that the events that occurred on July 7 and 8, 2021 violated his constitutional rights without due process. (ECF No. 3 at ECF-designated pp. 2-4). As a result of Defendants' actions, Plaintiff claims he has endured mental and physical suffering including "insomnia, worry, financial insecurity, stress and strain in relationships, in his work, with his family, relatives and friends." (*Id.* at ECF-designated p. 9). Plaintiff claims Defendants' actions have also impaired his credit standing and subjected him to public ridicule and embarrassment. (*Id.*). For purposes of this Motion only, this Court will assume that those allegations set forth a viable claim by Plaintiff and that the Amended Complaint has facial merit. *See Anderson v. Salerno*, No. 19-cv-19926 (BRM) (JAD), 2021 WL 11585761, at *1 (D.N.J. Feb. 11, 2021) (assuming solely for purposes of a *pro bono* motion that a plaintiff's case has some arguable merit in fact and law); *Muslim v. D'Ilio*, No. 15-cv-05796 (PGS) (DEA), 2018 WL 4522048, at *4 (D.N.J. Sept. 21, 2018) (same). The Court, therefore, turns to the *Tabron* factors to assess whether Plaintiff has met his burden to warrant appointment of counsel in this case.

The first *Tabron* factor considers "the plaintiff's ability to present his or her case,"

4

which may be measured by "the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. This factor is "[p]erhaps the most significant of *Tabron*'s post-threshold factors." *Montgomery*, 294 F.3d at 501. Plaintiff does not allege that he is incompetent or illiterate, but claims he has concerns regarding errors that could lead to his case being dismissed, particularly for lack of prosecution. (ECF No. 89 at ECF-designated p. 3). Contrary to these claims, Plaintiff has shown – through his ability to file his own, detailed complaint and an amended complaint, advocating for himself via oppositions and other letters to the Court, and successfully obtaining multiple clerk's entries of default – that (i) he has access to resources such as books and computers to allow him to conduct the necessary research and prepare the appropriate paperwork to represent himself; and (ii) he has the competency and know-how to adequately represent himself in this matter. Plaintiff also expresses concern that he will be unable to finish this civil lawsuit because there is an ongoing prosecution against him and he may be incarcerated before the completion of this case. (ECF No. 89 at ECF-designated p. 5). However, Plaintiff can proceed with this case even if he is incarcerated. *See Abuhouran v. United States,* 389 F. App'x 179, 182 (3d Cir. 2010) (noting that incarcerated plaintiffs may face hardships in prosecuting their cases, but "the mere fact that a litigant is indigent or imprisoned does not entitle him to the appointment of counsel under 28 U.S.C. § 1915(e)(1)"). Moreover, Plaintiff's many submissions indicate that he is able to adequately read, write, and understand English, and that he understands the law and Court rules and is able to competently vindicate his rights. For these reasons, the Court finds that the first *Tabron* factor does not weigh in Plaintiff's favor.

The second *Tabron* factor requires the Court to assess the complexity of the legal issues in the case. *Tabron*, 6 F.3d at 156. Courts "should be more inclined to appoint counsel if the

5

legal issues are complex." *Id.* (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). "[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." *Id.* (quoting *Maclin v. Freake*, 650 F.2d 885, 889 (7th Cir. 1981)). In his motion, Plaintiff concedes that "the ultimate legal issues are not complex." (ECF No. 89 at ECF-designated p. 5). *See Araque v. Hudson Cnty. Bd. of Freeholders*, No. 22-cv-3704 (MEF) (JBC), 2024 WL 1987822, at *2 (D.N.J. May 6, 2024) (finding that the second *Tabron* factor weighed against appointment of counsel where plaintiff "failed to specify which of his claims, if any, present a question of unsettled law" and plaintiff did "not provide any support for his contention" that his claims were complex); *see also Greenfield v. Corzine*, No. 09-cv-4983 (DMC) (JAD), 2010 WL 4809029, at *2 (D.N.J. Nov. 17, 2010) (finding that the second *Tabron* factor weighed against appointment of counsel where plaintiff had "not demonstrated…that the factual claims are difficult to understand or that the legal issues involved are so complex such that the appointment of counsel is required"). Beyond Plaintiff's concession, a review of the Amended Complaint does not demonstrate to the Court that the legal issues in this case are especially complex or will involve unsettled areas of the law. Accordingly, the second *Tabron* factor weighs against the appointment of counsel.

Turning to the third *Tabron* factor, the Court must examine "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation." *Tabron*, 6 F.3d at 156 (citations omitted). "[W]here the claims are likely to require extensive discovery and compliance with complex discovery rules, appointment of counsel may be warranted." *Id.* (citation omitted). Plaintiff does not address what specifically in his case would be challenging in terms of discovery, but merely states he "lacks the

6

familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs." (ECF No. 89 at ECF-designated p. 5). However, discovery has not yet commenced in this matter and an initial pretrial scheduling order has not been entered on the docket. Plaintiff's concerns are therefore premature. Further, the record does not indicate that Plaintiff would be unable to utilize the discovery tools made available to him under the Federal Rules of Civil Procedure to investigate his claims. Plaintiff must "try to do so, using the resources at his disposal" before he can persuade the Court that he cannot effectively navigate the discovery process. *Anderson*, 2021 WL 11585761, at *1. The fact that Plaintiff lacks familiarity with the rules of evidence and discovery, alone, is not sufficient to demonstrate that he cannot handle discovery without counsel. The rules are posted on the Court's website and readily available for Plaintiff to familiarize himself with. Indeed, Plaintiff's vigorous litigation of this matter to date demonstrates he is able to read the rules, draft Court documents and vindicate for his rights without any issue. Thus, Court finds that the third *Tabron* factor weighs against the appointment of counsel.

The fourth *Tabron* factor measures the degree to which "a case is likely to turn on credibility determinations." *Tabron*, 6 F.3d at 156. Generally, this factor weighs in favor of appointment of counsel only in circumstances where the trial is expected to be "solely a swearing contest." *Parham*, 126 F.3d at 460. Plaintiff does not address this factor in his Motion. (*See generally* ECF No. 89). There is nothing before the Court at this point to establish that this case will turn on a swearing contest between witnesses. Indeed, documentary evidence has not yet been exchanged. Therefore, the fourth factor does not support the appointment of *pro bono* counsel. *See Ryan v. Robinson*, No. 22-cv-1175 (RMB) (MJS), 2023 WL 3034130, at *3 (D.N.J. Apr. 21, 2023) ("It is unclear whether documents substantiating the parties'

claims and defenses will be produced, or whether the parties will largely rely upon credibility." (citation omitted)); *Andrews v. Whittaker*, No. 13-cv-4812 (ES) (MAH), 2017 WL 935159, at *3 (D.N.J. Mar. 9, 2017) (finding the fourth *Tabron* factor neutral where the Court lacked information to determine whether the case would be "solely a swearing contest"); *Marley v. Donahue*, No. 14-cv-1597 (JBS) (JS), 2014 WL 12617284, at *3 (D.N.J. Oct. 20, 2014) (same).

The fifth *Tabron* factor requires the Court to consider whether "the case will require testimony from expert witnesses." *Tabron*, 6 F.3d at 156 (citation omitted). In his motion, Plaintiff does not address whether expert witnesses will be required. (ECF No. 89). At this point, because discovery has yet to commence, it is still too early to ascertain what types of expert witnesses might be required or whether Plaintiff, proceeding *pro se*, would effectively be able to manage expert discovery on his own. For these reasons, the Court finds that assessment of the fifth *Tabron* factor is premature at this time and is, at best, neutral.

Finally, the Court considers Plaintiff's financial ability to attain and afford counsel. *See Tabron*, 6 F.3d at 156. Plaintiff alleges that he has been unable to afford an attorney because he has "no money to pay for one" and is currently receiving SNAP benefits. (ECF No. 89 at ECF-designated p. 3). However, Plaintiff here is not proceeding *in forma pauperis*. This alone is enough to deny Plaintiff's motion. *Stampone v. Amann*, No. 20-cv-03874 (CCC) (ESK), 2020 WL 7074353, at *2 (D.N.J. Dec. 3, 2020) ("Plaintiffs are not proceeding *in forma pauperis*, which is, by itself, basis sufficient to deny the appointment of *pro bono* counsel."). Although Plaintiff claims in his papers that he has no money to pay for an attorney, he was able to pay the filing fees and retain a process server. Accordingly, the final *Tabron* factor weighs against the appointment of counsel.

In sum, five of *Tabron* factors weigh against the appointment of *pro bono* counsel, and one is neutral. Significantly, the most important factor, Plaintiff's ability to present his own case, weighs against the appointment of counsel. Further, the fact that Plaintiff is not proceeding *in forma pauperis* is dispositive in this analysis. Therefore, the bulk of the factors weigh against the appointment of *pro bono* counsel.

### **CONCLUSION**

In summary, the Court finds that, under the totality of the circumstances, the appointment of *pro bono* counsel is not warranted at this time. Plaintiff's request for appointment of *pro bono* counsel is therefore **DENIED** without prejudice.

**IT IS**, on this **8th** day of **April, 2026**, for good cause shown, hereby **ORDERED** as follows:

1.  Plaintiff's Motion for *Pro Bono* Counsel (ECF No. 89) is **DENIED**.

2.  The Clerk is directed to terminate ECF No. 89.

*/s/ Stacey D. Adams*
Hon. Stacey D. Adams
United States Magistrate Judge