**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY MAURICE KINCH,<br><br>Plaintiff,<br><br>v.<br><br>JUAN SMITH, *et al.*,<br><br>Defendants. | Case No. 2:23-cv-2076 (BRM)(SDA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are three motions to dismiss Plaintiff Anthony Maurice Kinch's ("Plaintiff") Amended Complaint ("Amended Complaint") (ECF No. 3) pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by: (1) Defendant Linda Wasyluk ("Wasyluk") (ECF No. 95); (2) Defendants Juan Smith, Antonio Lacosta, Jonathan Berrios, Matthew Wisnowski, Jimmy Solana, Gabriel Mesaros, John Basich, Slawomir Polchlopek, Daniel Turon, Lindsey Parker (collectively, the "Linden Defendants") (ECF No. 100); and (3) Defendants James Brady ("Brady") and Dylan Cosgrove's ("Cosgrove") (collectively, the "UCPO Defendants") (together with Wasyluk and Linden Defendants, "Moving Defendants") (ECF No. 103). Plaintiff has not opposed or otherwise responded to the motions. Having reviewed and considered the submissions filed in connection with the motions and having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing,

Wasyluk's Motion to Dismiss, the Linden Defendants Motion to Dismiss, and the UCPO Defendants' Motion to Dismiss are **GRANTED**.

## I. BACKGROUND

### A. Factual Background

For purposes of the motions to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all reasonable inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Further, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Plaintiff, proceeding *pro se*, brings this civil-rights action against numerous defendants alleging various constitutional deprivations arising from a traffic stop on July 7, 2021, and his subsequent arrest on July 8, 2021. (ECF No. 3.) As the Court has previously observed, Plaintiff's factual pleading is generally unclear.[1] (ECF No. 40 at 2 n.2.) Plaintiff alleges deprivation of his constitutional rights, conspiracy to deprive him of those rights, failure to protect him from that conspiracy, and false imprisonment without due process. (ECF No. 3 ¶¶ 2, 11.)

Although difficult to discern, the following facts are derived from Plaintiff's Amended Complaint. (ECF No. 3.) On July 7, 2021, while driving on a New Jersey street, Plaintiff was

[1] The Court will not rewrite Plaintiff's Amended Complaint to craft a clearer or more logical factual narrative than the one Plaintiff presented. *See Shah v. Blue Cross Blue Shield of Tex.*, Civ. A. No. 16-8803, 2018 WL 1293164, at *6 (D.N.J. Mar. 13, 2018) (noting that a court will not rewrite a plaintiff's complaint to allow it to state a claim); *Miyayama v. Burke*, Civ. A. No. 20-01683, 2021 WL 6134361, at *3 (D. Nev. Dec. 29, 2021) ("While Plaintiff urges the Court to overlook [a] mistake and find the factual allegations sufficient to withstand a motion to dismiss, the Court has neither the time nor duty to rewrite Plaintiff's complaint."); *Teetz v. Bd. of Cnty. Comm'rs of Sedgwick Cnty. Kan.*, Civ. A. No. 22-1134, 2023 WL 7698030, at *5 (D. Kan. Nov. 15, 2023) ("The Court cannot consider new allegations made outside the Complaint. And the Court cannot rewrite Plaintiff's Complaint for him.").

followed home by several named defendants, including the Linden Defendants and the UCPO Defendants, after being told to go home by Officer Juan Smith. (*Id.* ¶ 11.) At some point, Plaintiff's vehicle was towed. (*Id.*) The following day, Plaintiff was arrested when attempting to leave a City of Linden Police Department building due to an outstanding warrant. (*Id.*) Plaintiff challenges the legality of the stop, search, and subsequent arrest, and seeks damages relating to those events. (*See generally* ECF No. 3.)

However, beyond the allegation that the Linden Defendants and the UCPO Defendants were among a group of individuals who followed Plaintiff home, the Amended Complaint largely refers to "Defendants" collectively. Among other things, Plaintiff alleges "Defendants" detained and arrested him, required him to pay tickets, directed him to appear in court, and were assigned to a courtroom in which Plaintiff was required to appear. (*See id.* ¶¶ 11, 14, 17, 19.) The Amended Complaint does not identify which of these acts, if any, was undertaken by the Linden Defendants, which was undertaken by the UCPO Defendants, or how any particular individual's conduct caused the constitutional deprivations Plaintiff alleges.

The pleading is even more deficient as to Wasyluk. Although Wasyluk is identified as a defendant in the caption, the body of the Amended Complaint contains no factual allegations concerning her. She is not alleged to have participated in the July 2021 traffic stop, arrest, prosecution, towing of Plaintiff's vehicle, conspiracy, or any other event described in the pleading. (*See generally* ECF No. 3.)

**B. Procedural History**

Plaintiff initiated this action on April 12, 2023. (ECF No. 1.) He filed the operative Amended Complaint on May 4, 2023. (ECF No. 3.) On April 17, 2024, the Court granted defendants Joanna Rajoppi and Peter Corvelli's motion to dismiss the Amended Complaint for

failure to state a claim. (ECF Nos. 40, 41.) In doing so, the Court concluded Plaintiff's allegations were insufficiently supported by factual allegations and afforded Plaintiff an opportunity to amend. (ECF No. 40 at 7–10.) Plaintiff did not file a second amended complaint.[2]

Following additional motion practice regarding service and default, on March 31, 2026, the Court denied Plaintiff's motions for default judgment and vacated the entries of default against the Moving Defendants. (ECF Nos. 93, 94.) The Court permitted the Moving Defendants to pursue renewed motions to dismiss as appropriate.[3] (ECF No. 93 at 1 n.1.)

Wasyluk filed a Motion to Dismiss on April 6, 2026 (ECF No. 95), the Linden Defendants filed a Motion to Dismiss on April 28, 2026 (ECF No. 100), and the UCPO Defendants filed a Motion to Dismiss on May 12, 2026 (ECF No. 103). Plaintiff did not file opposition to any of the three motions. On June 5, 2026, mail sent to Plaintiff at his address of record was returned as undeliverable. (ECF No. 106.) On August 19, 2026, the Court entered an Order directing Plaintiff to provide the Clerk's Office with a valid address, as required by Local Civil Rule 10.1,[4] by September 2, 2026. (ECF No. 107.) In light of Plaintiff's *pro se* status, the Court also extended his deadline to oppose the pending motions to September 2, 2026, and advised that failure to comply with the Order could result in the motions being considered unopposed and the case being

---

[2] Plaintiff has requested and was given multiple opportunities to file a second amended complaint but never did. (ECF Nos. 7, 17, 41.)

[3] Some of the motions to vacate or set aside default also included requests for dismissal. In light of the vacatur of the defaults, the Court did not reach those dismissal requests, but noted that the allegations were likely deficient as to Wasyluk and the Linden Defendants. (ECF No. 93 at 7, 8.) The Court administratively terminated any motions to dismiss and granted Moving Defendants leave to file renewed motions to dismiss as appropriate. (ECF Nos. 93, 94.)

[4] All litigants, whether *pro se* or represented, must file a notice with the Clerk informing the Court of their new mailing address within seven days of an address change. *See* L. Civ. R. 10.1(a).

dismissed (*Id*.) To date, Plaintiff has not provided a valid address, filed an opposition to any of the pending motions, or otherwise responded to the Order.

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id* at 663. This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-unlawfully-harmed-me accusation"

must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing T*wombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While as a general rule, a court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426. In assessing plausibility, however, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

## III. Decision

### A. Wasyluk's Motion to Dismiss

Wasyluk argues Plaintiff fails to state a claim because, apart from identifying her as a defendant in the caption, the Amended Complaint contains no allegations concerning her conduct or involvement in the events underlying this action. (ECF No. 95.) The Court agrees.

Even affording the Amended Complaint the liberal construction due a *pro se* pleading, Plaintiff fails to state a claim against Wasyluk upon which relief can be granted. While *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their

complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (emphasis added) (citation omitted). The Amended Complaint is devoid of any factual allegations concerning Wasyluk. As this Court has already found, Plaintiff "makes no allegations against Wasyluk in the amended complaint" and "she is only mentioned in the caption." (ECF No. 93 at 9.) In the absence of any factual allegations as to Wasyluk's involvement, the Court cannot reasonably infer she is liable for any of the conduct alleged. *See Edwards v. Off. of Essex Cnty. Prosecutor*, Civ. A. No. 13-3710, 2014 WL 546334, at *2 (D.N.J. Feb. 7, 2014) (dismissing complaint against defendant due to "no factual allegations which might support any claims" against the defendant); *Riker v. CMS, Inc.*, Civ. A. No. 10-1752, 2011 WL 5828567 (D.N.J. Nov. 17, 2011) (dismissing claims where the defendant was referenced only in the caption and the complaint contained no allegations concerning that defendant's conduct).

Because Plaintiff fails to state any claim against Wasyluk upon which relief may be granted, Wasyluk's Motion to Dismiss is **GRANTED**.

**B. Linden Defendants' Motion to Dismiss**

The Linden Defendants argue, among other things[5], that Plaintiff's claims fail because the Amended Complaint does not identify which Linden Defendants committed any constitutional violation and instead relies on collective allegations. (ECF No. 100-3 at 9–11.) The Court agrees.

To state a claim under § 1983, a plaintiff must allege a deprivation of a right secured by the Constitution or federal law by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42,

---

[5] The Linden Defendants move to dismiss on several grounds, including that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1944), abstention is warranted under *Younger v. Harris*, 401 U.S. 37 (1971), and the Amended Complaint fails to allege facts demonstrating the personal involvement of any Linden Defendant in a constitutional deprivation. (ECF No. 100-3.) Because the Court concludes Plaintiff fails to plead the Linden Defendants' personal involvement, the Court need not reach the Linden Defendants' alternative arguments.

48 (1988). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Because liability under § 1983 is personal in nature, a defendant "must have personal involvement in the alleged wrongs." *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A plaintiff therefore must allege facts showing not only a violation of a federally protected right, but also each defendant's personal participation in the alleged constitutional deprivation. *Id.*

The Amended Complaint does not satisfy this requirement. Although Plaintiff names the Linden Defendants and alleges generally that several Defendants followed him home on July 7, 2021, the pleading otherwise attributes the challenged conduct to "Defendants" collectively. (ECF No. 3 ¶¶ 11, 14, 17, 19.) It does not identify which Linden Defendant stopped or detained Plaintiff, searched his person or property, effectuated the towing of his vehicle, procured the outstanding warrant, arrested him the following day, or otherwise personally caused a constitutional deprivation. [6] Such collective allegations do not permit a reasonable inference that each individual Defendant is personally liable for the conduct alleged. *See Rode*, 845 F.2d at 1207; *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (requiring allegations identifying the conduct, time, place, and persons responsible).

[6] Even if Plaintiff alleged that a particular defendant stopped Plaintiff, searched his person or property, caused his vehicle to be towed, or arrested him, the bare allegation that such an act occurred does not itself establish a constitutional violation. A plaintiff must plead facts permitting a reasonable inference that a stop, seizure, or arrest was unlawful. *See Terry v. Ohio*, 392 U.S. 1, 20–22 (1968); *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000). The Amended Complaint does not do so and, as to the arrest, affirmatively alleges an outstanding warrant. (ECF No. 3 ¶ 11.)

Because Plaintiff has not plausibly alleged either a constitutional deprivation by, or the personal involvement of, any Linden Defendant, the Amended Complaint fails to state a claim under § 1983. Therefore, the Linden Defendants' Motion to Dismiss (ECF No. 100) is **GRANTED**.

**C. UCPO Defendants' Motion to Dismiss**

Plaintiff also asserts claims pursuant to § 1983 against the UCPO Defendants for various alleged violations of his constitutional rights. The UCPO Defendants move to dismiss, arguing: (1) the Court should abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971); (2) Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1944); (3) the Amended Complaint constitutes improper group pleading; and (4) Plaintiff otherwise fails to state a claim because he has not pleaded the UCPO Defendants' personal involvement, any official-capacity claims are not cognizable under 42 U.S.C. § 1983, and the UCPO Defendants are entitled to absolute or qualified immunity. (ECF No. 103-1.)

Plaintiff has not plausibly alleged that either Brady or Cosgrove personally violated a constitutional right. Here, the only discernable factual allegation directed specifically to Brady or Cosgrove is that both were among several individuals who allegedly "followed [Plaintiff] home" on July 7, 2021. (ECF No. 3 ¶¶ 3, 11.) Plaintiff does not otherwise identify any conduct attributable to the UCPO Defendants or explain how their conduct deprived him of a constitutional right. The Amended Complaint does not allege either UCPO Defendants stopped Plaintiff, searched his person or property, ordered or effectuated the towing of his vehicle, procured the outstanding warrant, or participated in Plaintiff's arrest the following day. (*See generally id.*)

Merely identifying constitutional provisions without proffering facts connecting the defendants' conduct to a deprivation of the rights those provisions protect is insufficient to state a

claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Rode*, 845 F.2d at 1207. Accordingly, to the extent Plaintiff seeks to hold Brady or Cosgrove liable for the stop, search, towing of his vehicle, or subsequent arrest, the Amended Complaint fails to allege the personal involvement necessary to state a claim under § 1983.

The UCPO Defendants also argue they are entitled to qualified immunity. (ECF No. 103 at 34.) Qualified immunity shields government officials from liability unless their conduct violates a constitutional right that was clearly established at the time of the challenged conduct. *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). Courts consider "(1) 'whether the facts that the plaintiff has alleged make out a violation of a constitutional right,' and (2) 'whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct.'" *Kedra v. Schroeter*, 876 F.3d 424, 434 (3d Cir. 2017) (quoting *Pearson*, 555 U.S. at 232). Courts retain discretion to address either prong first. *Id.* at 236. At the pleading stage, the first prong overlaps with the Rule 12(b)(6) inquiry: a complaint that fails to plausibly plead the violation of a constitutional right likewise fails the first prong of qualified immunity. *Stringer v. Cnty. of Bucks*, 141 F.4th 76, 85, 88 n.9 (3d Cir. 2025). Because the Complaint does not plausibly allege that Brady or Cosgrove violated Plaintiff's constitutional rights, Plaintiff cannot satisfy the first prong of the qualified-immunity inquiry. The Court therefore need not determine whether any asserted right was clearly established.[7] Accordingly, the Amended Complaint fails to state a claim against the UCPO Defendants are entitled to qualified immunity, and their Motion to Dismiss is **GRANTED**.

---

[7] Because these grounds are sufficient to resolve the claims against Brady and Cosgrove, the Court need not address whether the UCPO Defendants are also entitled to absolute prosecutorial immunity or whether Plaintiff's claims are otherwise barred by the *Younger* abstention doctrine and the *Heck* bar.

**D. Leave to Amend**

The Court next considers whether Plaintiff should be afforded further leave to amend. The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment is futile if it "is frivolous or advances a claim . . . that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility, the Court uses "the same standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Where a plaintiff has been placed on notice of pleading defects and has had a meaningful opportunity to cure them, denial of further leave may be appropriate. *See Krantz v. Prudential Invs. Fund Mgm. LLC,* 305 F.3d 140, 144 (3d. Cir. 2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.").

Based on the record before the Court, amendment to the Complaint would be futile because Plaintiff cannot set forth allegations sufficient to state a claim. Plaintiff has already amended his Complaint, and the Court previously identified similar pleading deficiencies in dismissing claims against other Defendants in this action and afforded him multiple opportunities to amend. (ECF Nos. 40, 41); ECF No. 93 at 2 n.4 (citing ECF Nos. 7, 17, 41).) Plaintiff "chose not to resolve

them." *Krantz*, 305 F.3d at 144. The Amended Complaint contains no factual allegations plausibly connecting the conduct of the Moving Defendants to any constitutional deprivations. Given Plaintiff's repeated failure to cure deficiencies despite prior opportunities to amend, the Court finds that further leave to amend is not warranted. Accordingly, the Court declines to afford Plaintiff further opportunity to amend.

**E. Failure to Prosecute and Dismissal with Prejudice**

The Court separately considers whether dismissal with prejudice is warranted based on Plaintiff's failure to prosecute and failure to comply with the Court's August 19, 2026 Order. (ECF No. 107.) Federal Rule of Civil Procedure 41(b) provides that an action may be dismissed when a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). A district court possesses authority to dismiss an action *sua sponte* for failure to prosecute. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *Kenney v. California Tanker Co.*, 381 F. 2d 775, 777 (3d Cir. 1967), *cert. denied*, 390 U.S. 904 (1968).

When a court dismisses a case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), the court employs the six-factor balancing test set forth in *Poulis v. State Farm Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). These factors include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim. *Poulis*, 747 F.2d at 868. No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

Here, the first *Poulis* factor weighs in favor of dismissal. Because Plaintiff is proceeding *pro se*, he bears personal responsibility for prosecuting this action and complying with the Court's orders. *See Briscoe v. Klaus*, 538 F.3d 252, 258–59 ("[A] *pro se* plaintiff is solely responsible for the progress of [his] case."). After the mail sent to Plaintiff was returned as undeliverable, the Court ordered him to provide a valid address by September 2, 2026, and extended his deadline to oppose the pending motions to the same date. (ECF No. 107.) Plaintiff did neither.

The second factor also weighs in favor of dismissal. This action has been pending since April 2023, and the Moving Defendants have appeared, litigated issues concerning default, and filed renewed motions to dismiss. Plaintiff's failure to respond to the pending motions or maintain a current address has delayed resolution of the action and prevented the litigation from proceeding in an orderly manner.

Third, the record reflects a history of dilatoriness. Plaintiff received multiple opportunities to file a second amended complaint but did not do so. (ECF Nos. 7, 17, 41; ECF No. 93 at 2 n.4.) He also failed to oppose three dispositive motions, maintain a current address, or comply with the Court's August 19, 2026 Order. (ECF No. 107.) This factor weighs in favor of dismissal.

The fourth factor weighs against dismissal because the record does not establish willfulness or bad faith. Although Plaintiff is responsible for his noncompliance, the Court cannot determine why he failed to update his address or respond to the ending motions, particularly where mail sent to his address of record was returned as undeliverable. *See Hildebrand*, 923 F.3d at 135.

As to the fifth *Poulis* factor, the availability of alternative sanctions, the Court already extended Plaintiff's opposition deadline and directed him to provide updated contact information, to no avail. (ECF No. 107.) Monetary sanctions are unlikely to compel participation by an absent *pro se* litigant, and, without a current address, the Court cannot reliably communicate a lesser

action to Plaintiff. *See Emerson*, 296 F.3d at 191 (finding there was no effective alternative sanction due to the plaintiff's financial situation).

Lastly, the sixth meritoriousness factor weighs in favor of dismissal. For purposes of a *Poulis* analysis, a claim is considered meritorious when the allegations, if established at trial, would support recovery; courts apply a standard comparable to Rule 12(b)(6). *See Briscoe*, 538 F.3d at 263. The Amended Complaint contains no factual allegations against Wasyluk and fails to plead the personal involvement of the Linden Defendants or UCPO Defendants in any constitutional deprivation. The Court previously identified similar pleading deficiencies when it dismissed claims against other Defendants and again observed those defects when the default motions were decided. (ECF Nos. 40, 93.) Accordingly, the meritoriousness factor weighs in favor of dismissal.

The *Poulis* factors weigh in favor of dismissal. The Court recognizes dismissal with prejudice is an extreme sanction and cases should ordinarily be decided on their merits. *See Hildebrand*, 923 F.3d at 132. Here, however, Plaintiff was afforded multiple opportunities to amend his pleading, failed to oppose three dispositive motions, failed to maintain a valid address as required by Local Civil Rule 10.1(a), and failed to comply with the Court's August 19, 2026, Order directing him to provide a valid address and extending his deadline to oppose the pending motions to September 2, 2026. (ECF No. 107.)[8] Under these circumstances, and after balancing the six *Poulis* factors, the Court finds no lesser sanction would be reasonably likely to secure Plaintiff's participation.

---

[8] The September 2, 2026 Order expressly cautioned Plaintiff that failure to comply could result in the motions being considered unopposed and the case being dismissed. (ECF No. 107.)

Accordingly, Plaintiff's claims against Wasyluk and the UCPO Defendants are **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

For the reasons set forth above, Defendant Wasyluk's Motion to Dismiss (ECF No. 95) is **GRANTED**, the Linden Defendant's Motion to Dismiss (ECF No. 100), is **GRANTED**, and the UCPO Defendants' Motion to Dismiss (ECF No. 103) is **GRANTED**. Plaintiff's Amended Complaint (ECF No. 3) is **DISMISSED WITH PREJUDCE**. An appropriate order follows.

Date: October 13, 2026

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**